NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID B. GRECU, | ) | No. C 07-00780 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| M.S. EVANS, Warden, et al., | ) ) | (Docket No. 14) |
| Respondent. | ) ) | |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely. (Docket No. 14.) Petitioner filed an opposition to which Respondent filed a reply.[1] For the reasons discussed below, the Court grants Respondent's motion.

**BACKGROUND**

In 1992, Petitioner pled guilty to six counts of residential burglary and one count of cocaine possession. On March 30, 1992, he was sentenced to a term of ten years in

---

[1] Petitioner also filed a request for leave to file a response to Respondent's reply. Ordinarily, such a response is not allowed. Although the Court may consider such a response from a pro se litigant, Petitioner did not include the proposed response he wished to file. In any event, for the reasons discussed below, the response he wished to file would not affect the Court's decision.

1  state prison. The sentence was suspended and Petitioner was placed on probation for a
2  term of five years. On June 13, 1997, probation was revoked and he was sentenced to the
3  previously suspended ten-year term. The California Court of Appeal affirmed the
4  conviction on July 21, 1998, and the Petitioner did not seek review in the California
5  Supreme Court.

6  On August 23, 1999, Petitioner filed a petition for a writ of habeas corpus in the
7  superior court, and it was denied on September 2, 2005. On March 13, 2006, Petitioner
8  filed a petition for a writ of habeas corpus in the California Court of Appeal, and it was
9  denied on April 14, 2006. On May 12, 2006, Petitioner filed a petition for a writ of
10 habeas corpus in the California Supreme Court, and it was denied on January 17, 2007.
11 Petitioner was represented by counsel in all of his state habeas petitions. The instant
12 federal petition was signed by Petitioner on January 31, 2007, was mailed to this Court by
13 counsel, and was filed on February 7, 2007.

## DISCUSSION

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a one-year statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Because Petitioner did not seek direct review in the state supreme court, the limitation period began running the day after the date on which the time to seek such review expired, see Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002), which, in California, is 40 days after the California Court of Appeals decision, see Cal. Rule of Court 8.264(b), 8.500(e). The California Court of Appeal decision was on July 21, 1998,

---

[2] In rare instances not presented in this case, the limitations period may start on a different date. See 28 U.S.C. § 2244(d)(1)(B)-(C).

the limitation period began to run 40 days later, on August 30, 1998, and expired one year after that, on August 30, 1999. The instant petition was not filed until 2007, over six years later. Thus, absent tolling, the instant petition is untimely.

B.  Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." Id. at 220. The time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review. Carey, 536 U.S. at 221-23.

In California, the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level." Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (emphasis added). After Carey, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted).

Petitioner filed his first state habeas petition on August 23, 1999, when only seven days remained on his statute of limitations period. Petitioner would be entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) from August 23, 1999, until the denial of his state supreme court petition on January 17, 2007, provided there was no "undue delay" in the filing of any of his state habeas petitions. In this case, however, there was a six-month gap between the denial of Petitioner's superior court, on September 2, 2005, and the filing of his next habeas petition in the appellate court, on March 13,

2006. An unjustified or unexplained six-month delay between post-conviction applications in California is not "reasonable" and does not fall within Carey's definition of the term "pending." Evans v. Chavis, 546 U.S. 189, 197 (2006). As the delay between the denial of the superior court petition and the filing of the subsequent petition in the appellate court was unreasonable, Petitioner is not entitled to tolling during that period of time. Carey, 536 U.S. at 221-23. Consequently, the limitation period began to run again on September 3, 2005, the day after the superior court habeas petition was denied, and it expired seven days later, on September 10, 2005.[3] Petitioner's subsequent state habeas petitions, in the California Court of Appeal and Supreme Court, were therefore filed after the limitations period expired and do not toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2)); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, the statutory tolling to which Petitioner is entitled does not render the instant petition timely.

Although equitable tolling is available in limited cases, if "extraordinary circumstances" make it impossible to file a petition on time, Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008), Petitioner argues only that he is entitled to equitable tolling between November 2006 and January 31, 2007. As the limitation period had already expired over one year earlier, on September 10, 2005, equitable tolling during the time period he argues would not render the instant petition timely. Petitioner presents no argument, nor is there any indication in the record, that he is entitled to equitable tolling from September 2, 2005, when the limitation period resumed running, to the filing of

---

[3] Respondent agues that if the limitation period were tolled until the denial of the supreme court petition on January 17, 2007, the instant petition is still untimely because it was not filed in this Court until, at the earliest, until 14 days later, on January 31, 2007, which would be seven days too late. This argument is incorrect because tolling under § 2244(d)(2) ends thirty days after the Supreme Court of California's denial of the final habeas petition is filed. See Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc).

1 either the subsequent state habeas petition or the filing of the instant federal petition.[4]

2 As Petitioner is not entitled to sufficient statutory or equitable tolling to render the
3 instant petition timely, Respondent's motion to dismiss the petition as untimely must be
4 granted.

## CONCLUSION

6 For the foregoing reasons, Respondent's motion to dismiss the petition as untimely
7 (Docket No. 14) is GRANTED. The instant petition for a writ of habeas corpus is
8 DISMISSED.

9 The Clerk shall enter judgment and close the file.

10 IT IS SO ORDERED.

11 DATED:  8/26/08

12 JEREMY FOGEL
United States District Judge

---

[4]Petitioner indicates that he wanted to file a response to Respondent's reply to further his equitable tolling argument, above. For the reasons discussed, however, such an argument, even if successful, would establish equitable tolling for a time period after the limitation period had already expired, and thus would not render the petition timely.