NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. GRECU,<br><br>    Petitioner,<br><br>  vs.<br><br>M.S. EVANS, Warden, et al.,<br><br>    Respondent. | No. C 07-00780 JF (PR)<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION AND FOR CERTIFICATE OF APPEALABILITY<br><br>(Docket Nos. 28, 32 & 34) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Respondent's motion to dismiss the petition as untimely was granted.  Petitioner has filed motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Docket Nos. 28 & 32), and a motion for a certificate of appealability (Docket No. 34).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  Fed.

1 R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
2 Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary;
3 mere dissatisfaction with the court's order or belief that the court is wrong in its decision
4 are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v.
5 Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not
6 be frequently made or freely granted; they are not a substitute for appeal or a means of
7 attacking some perceived error of the court. Id.

8     Petitioner fails to allege the provision of Rule 60(b) under which reconsideration is
9 warranted; he alleges no new evidence that could not have been discovered with due
10 diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse
11 party, and no voiding of the judgment. Petitioner does not provide any extraordinary
12 reason justifying relief. Petitioner's motions are based on his attempt to justify the six-
13 month delay between his petitions in the state superior court and the state appellate court.
14 This argument could have been made in Petitioner's opposition to Respondent's motion
15 or in the petition, and Petitioner does not justify his waiting to do so until after
16 Respondent's motion was granted. In addition, Petitioner has not submitted adequate
17 justification for his waiting six months to file his petition in the appellate court.
18 Accordingly, the motion for reconsideration is DENIED.

19     Petitioner has filed a request for a certificate of appealability, pursuant to 28
20 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). Petitioner has not
21 shown "that jurists of reason would find it debatable whether the petition states a valid
22 claim of the denial of a constitutional right and that jurists of reason would find it
23 debatable whether the district court was correct in its procedural ruling." Slack v.
24 McDaniel, 120 S.Ct. 1595, 1604 (2000). Accordingly, the request for a certificate of
25 appealability is DENIED.
26 //
27 //
28

1   The Clerk shall forward this order, along with the case file, to the United States
2   Court of Appeals for the Ninth Circuit, from which Petitioner may also seek a certificate
3   of appealability.  See <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).
4   This order terminates docket numbers 28, 32 and 34.
5   IT IS SO ORDERED.

6   DATED: 10/10/08

7   _____
    JEREMY FOGEL
    United States District Judge