UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. GRECU, | No. C-07-0780 EMC |
| Petitioner, | |
| v. | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| M.S. EVANS, WARDEN, | **(Docket No. 64)** |
| Respondent. | |

## I. INTRODUCTION

This case is before the Court on remand from the U.S. Court of Appeals for the Ninth Circuit. Respondent M.S. Evans, Warden of the Salinas Valley State Prison, filed a Motion to Dismiss inmate petitioner David B. Grecu's petition for a Writ of Habeas Corpus on December 26, 2007. First Mot. to Dismiss (Docket No. 14). Petitioner Grecu is currently serving a "Three Strikes" life sentence as well as a ten year determinate sentence for burglary. Decl. of David Grecu (Docket No. 1) ¶ 1. The district court granted Respondent's motion in an order that was subsequently reversed by the Ninth Circuit and remanded to this Court for further proceedings. *See* Order Granting First Mot. to Dismiss (Docket No. 22); Memorandum Order Reversing and Remanding (Docket No. 51).

The State of California, on behalf of Warden Evans, filed a renewed Motion to Dismiss (Docket No. 64) Petitioner's habeas petition, arguing that the petition is untimely under 28 U.S.C. § 2244(d), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and is not entitled to either statutory or equitable tolling. Grecu, in opposition, contends that his petition is timely

because he is entitled to both statutory and equitable tolling under controlling Ninth Circuit precedent. For the reasons discussed below, this Court **DENIES** Respondent's motion and permits Petitioner's request for a writ to proceed.

## II. FACTUAL & PROCEDURAL BACKGROUND

On February 3, 1992, Petitioner pled guilty, as part of a negotiated plea agreement, to six counts of residential burglary (Cal. Penal Code § 459) and one count of possession of cocaine (Cal. Health & Safety Code § 11350). *See* Entry of Sentence (Docket No. 64-1, Ex. 1). On March 30, 1992, he was sentenced to state prison for a term of ten years. Execution of the sentence, however, was suspended and petitioner was placed on probation for five years. Petitioner's probation was revoked and subsequently reinstated both on November 30, 1994, and December 8, 1995. Transcript of Proceedings, September 2, 2005 (Docket No. 64-1, Ex. 2-A) at 8:26-9:4. On June 13, 1997, at a probation violation hearing, a California Superior Court found Mr. Grecu in violation of the terms of his probation and sentenced him to the previously suspended ten years. The California Court of Appeal affirmed his conviction on July 21, 1998, in an unpublished opinion. On appeal, Mr. Grecu had argued that his sentence should have been vacated and the matter remanded to Superior Court because the "trial court was unaware of its authority to modify the previously suspended ten-year sentence to a lower term or to reinstate probation." Transcript of Proceedings at 9:21-10:3. Petitioner's appeal did not raise the issue of ineffective assistance of counsel, and, after his conviction was upheld, he did not seek review in the California Supreme Court. *Id*. at 10:3-9.

Mr. Grecu then filed a petition for writ of habeas corpus in the California Superior Court for Santa Cruz County on August 23, 1999. His state habeas petition argued that his conviction was invalid due to ineffective assistance of counsel, prosecutorial misconduct, and the entry of involuntary pleas. Pet. for Writ of Hab. Corpus (Docket No. 1) ("Habeas Petition") ¶ 9(a)(I). After a number of delays, including thirty continuances at the request of Mr. Grecu, the court held a hearing on the petition and denied it on September 2, 2005. *See* Transcript of Proceedings at 13, 15;

///

///

///

1 Order Granting Mot. to Dismiss (Docket No. 22) at 2.[1]  Thereafter, Petitioner filed a petition for writ
2 of habeas corpus, alleging the same three grounds for relief, on March 13, 2006, in the California
3 Court of Appeal.  The appellate court denied the petition on April 14, 2006.  Habeas Petition ¶
4 9(a)(II); Appellate Ct. Deny Order (Docket No. 1), Ex. Z at 2.  Petitioner then filed a petition for
5 writ of habeas corpus on the same grounds in the California Supreme Court on May 12, 2006.  On
6 January 17, 2007, that petition was also denied.  Habeas Petition ¶ 9(a)(III); Supreme Ct. Deny
7 Order (Docket No. 1), Ex. Z at 6.  He then filed the instant federal petition, which was signed on
8 January 31, 2007, and received by the federal district court on February 7, 2007.

9 As with his state petition, Mr. Grecu's federal habeas petition alleges that his conviction is
10 invalid due to ineffective assistance of counsel, prosecutorial misconduct, and the entry of
11 involuntary pleas.  *See* Habeas Petition at 6.  Respondent moved to dismiss the petition on timeliness
12 grounds because of "the lapse of time between the denial of state postconviction relief by the
13 Supreme Court of California and the filing of Mr. Grecu's federal habeas petition."  Ninth Circuit
14 Memorandum Order (Docket No. 51) at 3.[2]  The district court granted the motion, but not on the
15 grounds argued by the State.  Rather, "the district court held that Mr. Grecu was not entitled to
16 statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his state habeas petitions
17 because his petition to the state appellate court had been untimely," which likewise rendered his
18 federal habeas petition untimely under the AEDPA.  *Id*. at 3; *see also* Order Granting Mot. to
19 Dismiss at 4.  Petitioner filed a motion for reconsideration, stating that he could explain the delay
20 between the denial of his state superior court filing and his filing in the state appellate court on
21 account of his placement in administrative segregation and his consequent lack of access to his court
22 files.  *See* Motion for Reconsideration (Docket No. 28).  The district court denied Petitioner's
23 motion, finding that he had not established a basis for reconsideration under Fed. R. Civ. P. 60(b)

---

[1] The parties dispute whether the petition was denied on September 2, 2005, the date of the hearing, or November 23, 2005, the date when the court issued its order.  Judge Fogel's recitation of the facts stated that the petition was denied on September 2nd and did not mention the state court's issuance of the order over a month and a half later.

[2] Although it is marked as "not for publication," this Memorandum Order is binding upon this Court under the doctrine of law of the case.  *See* 9th Cir. R. 36-3(a).

3

1 and had not "provide[d] any extraordinary reason justifying relief." Order Denying Mot. for
2 Reconsideration (Docket No. 39) at 2. Petitioner appealed.

3       The Ninth Circuit Court of Appeals initially affirmed the district court's ruling, but on
4 rehearing, the court reversed and remanded the matter back to this Court. Memorandum Order at 2.
5 The Ninth Circuit found that "the district court's dismissal of Mr. Grecu's petition [could] not be
6 squared with *Herbst v. Cook*," *id*. at 4, which held that "[a] habeas court must give a petitioner
7 notice of the procedural default and an opportunity to respond to the argument for dismissal," *Herbst*
8 *v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th
9 Cir. 1998)). Holding that "Mr. Grecu never had an adequate opportunity to respond to the argument
10 that formed the basis for the district court's judgment," the Ninth Circuit reversed the district court's
11 decision and remanded the matter "for further consideration of Mr. Grecu's claim that he was
12 entitled to statutory tolling during the pendency of his state habeas petitions." Memorandum Order
13 at 5.

14       The Ninth Circuit's Memorandum Order instructed the district court on remand to "address
15 Mr. Grecu's equitable tolling argument with respect to the filing of his federal habeas petition" if it
16 were to conclude "that Mr. Grecu's state filings were timely." *Id*. at 5. It also noted that "Mr. Grecu
17 has made the necessary showing for a hearing on the issue of equitable tolling," citing *Roy v.*
18 *Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), for the proposition that "[a] habeas petitioner . . . should
19 receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him
20 to equitable tolling." *Id*. at 6 (quoting *Roy*, 465 F.3d at 969); *see also id*. at 7 ("In sum, Mr. Grecu
21 has alleged facts that, if established, may entitle him to equitable tolling of the time period after the
22 state supreme court's denial of his state petition.").

23       Following remand, Respondent filed a second motion to dismiss (Docket No. 64) which is
24 now pending before this Court, arguing that Mr. Grecu's habeas petition ought to be dismissed as
25 untimely under the § 2244(d) of the AEDPA.

26 ///
27 ///
28 ///

## III. DISCUSSION

### A. Legal Standard

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate. *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. following § 2254 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), created a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Any time elapsed during which a properly filed application for state post-conviction or other collateral review is pending is excluded from § 2244(d)(1)'s one-year time limit. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

1. Tolling of the Statute of Limitations

The parties disagree over whether Petitioner is entitled to statutory and equitable tolling so as to preserve the timeliness of his federal habeas petition. It is uncontested that the one-year statute of limitations in this matter commenced on August 31, 1998, 40 days after the California Court of Appeal filed its opinion denying Petitioner's direct appeal of his conviction. *See* Cal. Rules of Court Rule 8.366(b)(1) (providing that Court of Appeal decisions in criminal appeals become final 30 days after filing), and Rule 8.500(e)(1) (requiring that petitions for review to the California Supreme Court be filed within 10 days after the Court of Appeal decision becomes final). Petitioner did not file his federal habeas petition until February 6, 2007, almost seven years later. *See* Habeas Petition (Docket No. 1).

The AEDPA tolls the one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). State law governs whether an application is "properly filed" under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Thus, until the application has received a final resolution through the State's post-conviction procedures, by definition it remains "pending." *Id*. at 220; *see also Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."). "In California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. at 192-93.

a. Superior Court Finding on Timeliness

Petitioner filed his writ of habeas corpus in the California Superior Court for the County of Santa Cruz on August 23, 1999 – nine days prior to the expiration of the limitations period. In order to receive statutory tolling under the ADEPA, this Court must find that the petition was "properly

6

1 filed" at its outset, and has since been "pending" resolution, as required by § 2244(d)(2).
2 Respondent argues that the Santa Cruz Superior Court has already found Petitioner's habeas petition
3 to be untimely and therefore not "properly filed" under state law. *See* Respondent's Motion (Docket
4 No. 64) at 3-4. In support of this argument, Respondent points to language in that court's order
5 dismissing the petition. Citing *In re Clark*, 5 Cal. 4th 750 (1993), the Superior Court stated on the
6 record:

> The Court also feels that, under the *Clark* case, at 5 Cal.4th 750, it establishes a responsibility on the petitioner to act within a reasonable period of time, and there have been delays in this case for various reasons. [¶] However, the Court feels that there has been an unreasonable amount of time that has passed in this case prior to the petitioner raising his claim, including his appeal to the Sixth District Court of Appeal, and in *Clark* it states, ". . . in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from conviction." [¶] So, at this time, therefore, the petitioner's request for an evidentiary hearing is denied, and the petition is dismissed.

14 Transcript of Proceedings at 12-13 (quoting *Clark*, 5 Cal. 4th at 765).

15 Respondent's argument is problematic for two reasons. First, a review of the court's
16 transcript reveals that it made no explicit finding that Petitioner's habeas petition was untimely and
17 therefore not "properly filed" for the purposes of § 2244(d)(2). Before reaching the quoted passage,
18 the court stated that it "finds, after review of all transcripts and additional documents, that the
19 defendant's counsel – court documents – sorry – that defendant's – petitioner's counsel was
20 reasonably effective." Transcript of Proceedings at 11:20-23. It thus made a ruling on the *merits* of
21 Petitioner's sole remaining allegation in the petition on the issue of ineffective assistance of counsel,
22 having already dismissed two other allegations in a prior proceeding. *See id.* 10:11-15. While, as
23 Respondent argues, a California court's "order denying a petition 'on the merits' does not
24 *automatically* indicate that the petition was timely filed," *Evans v. Chavis*, 546 U.S. 189, 197 (2006)
25 (emphasis in original), the fact that the court made no explicit statement regarding the untimeliness
26 of the petition and instead focused most of its analysis on the merits of the case, suggests quite
27 strongly that it did not view the petition as untimely. Indeed, the court explicitly stated on the record
28 that a denial of the petition would still leave open "a course of appellate review" all the way to

1 federal district court. Transcript of Proceedings at 6:7-23.[3] Had the court viewed the petition as not
2 "properly filed" and thus untimely under § 2244(d)(2), this avenue of review would have been
3 foreclosed under the ADEPA's statute of limitations.

4 Second, the Court's quotation from *Clark* makes clear that the cited passage addresses the
5 timeliness of Petitioner's particular claim of ineffective assistance of counsel on direct appeal, not
6 the timeliness of the petition itself. *Clark* reiterates several procedural rules governing petitions for
7 writs of habeas corpus in California. *See In re Clark*, 5 Cal. 4th 750. The first rule "require[s] that a
8 petitioner explain and justify any significant delay in seeking habeas corpus relief." *Clark* at 765
9 ("[I]t is the practice of this court to require that one who belatedly presents a collateral attack such as
10 this explain the delay in raising the question.") (*Id.* citing *In re Swain*, 34 Cal.2d 300, 302 (1949)).
11 The second rule – the one quoted by the Santa Cruz Superior Court – states "that issues resolved on
12 appeal will not be reconsidered on habeas corpus, and, in the absence of special circumstances
13 constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed
14 errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."
15 *Id*. (internal citations and quotations omitted). "Without this usual limitation of the use of the writ,
16 judgments of conviction of crime would have only a semblance of finality." *Id*. at 765-66 (quoting
17 *In re McInturff*, 37 Cal.2d 876, 880 (1951)). The Superior Court's citation to this particular part of

---

[3] The relevant portion of the transcript reads as follows:

| | |
|---|---|
| THE COURT: | Okay. I'm - - is there, Mr. Dudley, a course of appellate review, or, if I do not rule in your favor, is the matter - - is there - - I was just curious as to that. Or is this a final ruling? |
| MR. DUDLEY: | No. If - - if you do not rule in Mr. Grecu's favor - - |
| THE COURT: | If I deny the Petition? |
| MR. DUDLEY: | If you deny the petition, then the petition - - |
| THE COURT: | Can be reviewed by the Sixth; correct? |
| MR. DUDLEY: | The petition then can be filed in the Court of Appeal; the Sixth Appellate District. If the Court of Appeals denies it, it can be filed in the California Supreme Court. If they deny it, then it can be filed in Federal District Court. |
| THE COURT: | So Mr. Grecu's remedies still remain if the Court should - - |
| MR. DUDLEY: | Right. |

1 *Clark,* coupled with its mention of the direct appeal to the Sixth District Court of Appeal and the
2 lack of this claim having been raised at that stage, confirm that the court's timeliness discussion was
3 directed not to the timeliness of the habeas petition, but the failure to timely appeal Petitioner's
4 ineffective assistance of counsel claim.

5 Respondent cites *In re Robbins*, 18 Cal.4th 770, 814, Fn. 34 (1998), and *People v. Mendoza
6 Tello*, 15 Cal.4th 264, 267 (1997), for the proposition that "procedural bars of claims that should
7 have been raised on appeal and of claims that were raised and rejected on appeal do not apply to
8 claims of ineffective assistance," thus demonstrating that the Superior Court must have been
9 addressing the timeliness of the petition and not the procedural bar of the ineffective assistance
10 claim. The Court rejects this argument for several reasons.

11 First, as these two cases were raised for the first time in Respondent's Reply Brief, *see*
12 Docket No. 73 at 2, Petitioner has not had the opportunity to challenge their applicability to this
13 matter. In this Circuit, "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v.
14 INS*, 79 F.3d 118, 120 (9th Cir.1996). This general rule is of even greater importance in the context
15 of a habeas petition where, as noted above, "[a] habeas court must give a petitioner notice of the
16 procedural default and an opportunity to respond to the argument for dismissal." *Herbst v. Cook*,
17 260 F.3d at 1043. Respondent has had no such opportunity with regard to this argument.

18 Second, as noted above, the Superior Court's ruling expressly refers to "claimed errors
19 [which] could have been, but were not, raised upon a timely appeal," not to the failure to initiate
20 timely a habeas petition. Transcript of Proceedings at 13 (quoting *Clark*, 5 Cal. 4th at 765).

21 Finally, the Superior Court offered as the primary grounds for denying this petition rejection
22 on the merits. *See e.g.* Transcript of Proceedings at 11:23 ("petitioner's counsel was reasonably
23 effective"); 12:9-10 ("It is obvious from the record that the decision to enter plea or not was a
24 thoughtful decision"); 12:7 ("[h]e has failed to show prejudice"). The court's citation to *Clark*
25 appears to be an afterthought. For these reasons, the Court finds that Mr. Grecu's habeas petition
26 was "properly filed" at the time the Santa Cruz Superior Court entered its order of dismissal, and
27 rejects Respondent's argument to the contrary.

28

b. <u>Statutory Tolling</u>

Having rejected Respondent's argument that the writ of habeas corpus was not "properly filed" under § 2244(d)(2) in state court, this Court must now consider whether Mr. Grecu's habeas petition remained "pending" before the California courts. In California, the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level." *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999). A state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (internal citation and internal quotations marks omitted).

"In most States a statute sets out the number of days for filing a timely notice of appeal, typically a matter of a few days." *Evans v. Chavis*, 546 U.S. 189, 192 (2006). "California, however, has a special system governing appeals when prisoners seek relief on collateral review. Under that system, the equivalent of a notice of appeal is timely if filed within a 'reasonable time.'" *Id*. In the absence of a California court ruling that a particular petition was timely or not, a federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Id.* at 198. "California's system is sufficiently analogous to appellate review systems in other States to treat it similarly," and "in most States a prisoner who seeks review of an adverse lower court decision must file a notice of appeal in a higher court" within a period of 30 or 60 days. *Id.* at 192-193.

Respondent argues that the delay between the Superior Court's denial of Mr. Grecu's habeas petition and his filing of the habeas petition in the California Court of Appeal on March 13, 2006, is "unreasonable" under California law. During this period of approximately 110 to 192 days, depending on when the Superior Court can be said to have denied the habeas petition, Petitioner argues that his delay in filing the petition in the Court of Appeal was not "unreasonable" because he was placed in administrative segregation and was thus unable to access his court files. *See* Petitioner's Response (Docket No. 65) at 15-16. Delays of similar lengths due to placement in administrative segregation have not been viewed as "unreasonable" by the Ninth Circuit. For

instance, the Ninth Circuit's unpublished memorandum order in *Lima v. Kramer*, 327 F. App'x 716 (9th Cir. 2009),[4] held that a six-month delay between state court habeas petitions was not "unreasonable" where petitioner was placed in administrative segregation for three and one half of the six months without access to his legal files. *Id*. at 718. The court further held that the remaining two and one half months was a reasonable amount of time for petitioner to prepare and file a habeas petition, and, "[a]ccordingly, [that] Lima is entitled to statutory tolling sufficient to render the instant federal petition filed within the one-year statute of limitations." *Id*. Petitioner alleges that he was confined to administrative segregation and denied access to his court files from January 26, 2005, to January 24, 2006. Petitioner's Response at 16. After being released from administrative segregation, Mr. Grecu filed his petition with the Sixth District Court of Appeal less than one and one half months later. *Id*. Following *Lima*, Petitioner has alleged sufficient facts to warrant a claim of entitlement to statutory tolling for this time period.

    c. <u>Equitable Tolling</u>

Alternately, Mr. Grecu's delay in filing his Court of Appeal habeas petition is excusable under the doctrine of equitable tolling. A habeas petitioner is entitled to equitable tolling under § 2244(d) if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026-28 (9th Cir. 2005), the Ninth Circuit tolled the AEDPA's statute of limitations for an eleven-month period during which a petitioner was housed in administrative segregation and denied access to his legal files. The court recognized that it was "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Id*. at 1027 (internal citation omitted). As in *Espinoza-Matthews*, Mr. Grecu alleges that he did everything he could to gain access to his legal papers during this period of administrative segregation, but the prison's staff granted him no such access. *See* Declaration of David Grecu (Docket No. 33) ¶¶ 5-12. That allegation is not

---

[4] Having been issued after January 1, 2007, this memorandum order is citable under Rule 36-3(b) of the Federal Rules of Appellate Procedure for the Ninth Circuit.

disputed. Following *Espinoza-Matthews*, Petitioner has alleged sufficient facts to warrant a claim of entitlement to equitable tolling. As such, and because he has stated an equally valid claim of entitlement to statutory tolling, Respondent's motion to dismiss based on the untimely filing of Mr. Grecu's habeas petition in the Sixth District Court of Appeal is denied.

### d. Delay in Filing Federal Habeas Petition

Having found that the writ of habeas corpus was timely filed with the Sixth District Court of Appeal, this Court must now consider whether tolling covers the period between the final denial of Mr. Grecu's petition in the California Supreme Court on January 17, 2007, and his subsequent filing of a habeas petition in federal court on February 6, 2007. Respondent argues that Petitioner's federal petition is untimely, since "even if petitioner were entitled to statutory tolling for the entire period his state habeas petitions were pending and the intervals between them . . . the limitations period expired on January 24, 2007." Second Motion to Dismiss at 6. In short, Petitioner missed the limitations period by thirteen days. For this period of thirteen days, Petitioner argues that he is "entitled to equitable tolling for the slightly late filing because the requirements of diligence and extraordinary circumstance are met in this case." *See* Petitioner's Response at 18.

Petitioner was again placed in administrative segregation for more than two months preceding the California Supreme Court's denial of his habeas petition on January 17, 2007. Although he was ultimately released from administrative segregation on the same day that the Supreme Court issued its decision, his period of confinement immediately preceding the court's decision "makes compliance with procedural deadlines difficult because of restrictions on [a] prisoner's ability to monitor [a] lawsuit's progress." *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (quoting *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). *See also Espinoza-Matthews v. California*, 432 F.3d at 1028 Fn. 8 ("even where a petitioner had access to his legal files on the days before his AEDPA limitations period expired, . . . earlier events [may have] so disabled him as to make a timely filing impossible") (internal quotation marks and citations omitted). Taking steps to mitigate this difficulty while he was confined to administrative segregation and again separated from his legal papers, Mr. Grecu enlisted the help of a third party named Couenhoven to file his federal petition as soon as the California Supreme Court issued its ruling; a ruling which is considered final

1 upon filing. *See* Cal Rules of Court Rule 8.532(b)(2)(C). Grecu mailed his petition to Couenhoven
2 with a request that he file it as soon as the Supreme Court rendered its decision. *See* Declaration of
3 Paul Couenhoven (Docket No. 69) ¶¶ 8-10. Couenhoven, a staff attorney with the Sixth District
4 Appellate Program but allegedly acting as a non-attorney in this matter, agreed to file the petition,
5 but failed to place it in the mail until after the remaining nine days of the statute of limitations had
6 expired on January 24, 2007. Mr. Grecu's federal habeas petition was not received by this Court
7 until February 6, 2007, 13 days late.

8 The Ninth Circuit's Memorandum Order remanding this matter has effectively foreclosed
9 Respondent's arguments against dismissal for want of equitable tolling for this thirteen-day period.
10 The Ninth Circuit stated that "[i]f the district court concludes that Mr. Grecu's state filings were
11 timely, it also must address Mr. Grecu's equitable tolling argument with respect to the filing of his
12 federal habeas petition." Memorandum Order at 5. The court concluded that "[h]ere, Mr. Grecu has
13 made the necessary showing for a hearing on the issue of equitable tolling." *Id*. at 6. Citing *Roy v.*
14 *Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), the court noted that "[a] habeas petitioner . . . should
15 receive an evidentiary hearing when he makes a good-faith *allegation that would, if true,* entitle him
16 to equitable tolling." *Id.* (emphasis in original). A good-faith allegation under *Roy* is made where a
17 petitioner alleges that he has "been pursuing his rights diligently ... [and] that some extraordinary
18 circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

19 In this regard, the Ninth Circuit's order explicitly held that "placement in administrative
20 segregation," as alleged by Petitioner here "may constitute an extraordinary circumstance for
21 purposes of equitable tolling." Memorandum Order at 6 (citing *Espinoza-Matthews v. California*,
22 432 F.3d 1021). With respect to both periods of delay highlighted by Respondent, Petitioner alleges
23 that the delay was on account of his placement in administrative segregation without access to his
24 legal files. *See* Petitioner's Response at 16, 19. Furthermore, as the Ninth Circuit points out and as
25 noted above, prior to Mr. Grecu's placement in segregation, he prepared his federal petition and
26 requested his friend Mr. Couenhoven to file it as soon as the California Supreme Court issued its
27 ruling. Memorandum Order at 6-7.

28

The Ninth Circuit concluded that Mr. Grecu had "alleged facts that, if established, may have entitled him to equitable tolling." *Id.* at 7. The court directed that if the district court found he is entitled to statutory tolling, "it also *must* hold an evidentiary hearing on Mr. Grecu's claim to equitable tolling." *Id.* at 7 (emphasis added).

## IV.  CONCLUSION

For the reasons stated above, the Court denies Respondent's motion to dismiss. It directs the parties to meet and confer to discuss a schedule for an evidentiary hearing to determine if Petitioner is entitled to equitable tolling for the period between the California Supreme Court's denial and the filing of the federal petition. A status conference will be held on October 16, 2012, at 10:30 a.m. to set the schedule. A joint status conference statement shall be filed by October 9, 2012.

This order disposes of Docket No. 64.

IT IS SO ORDERED.

Dated: October 1, 2012

_____
EDWARD M. CHEN
United States District Judge

14